IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: ROSA AMELIA MORILLO SERRANO<br><br>Debtor | CASE NO. 13-07734 (ESL)<br><br>CHAPTER 13 |

OPINION AND ORDER

This case is before the court upon the Debtor's *Objection to Claim Number (12) by Creditor Treasury Department (Hacienda de P.R.) and Notice of Opportunity for a Hearing* (the "Objection") (Docket No. 39) and the reply (Docket No. 63) filed by the Treasury Department of the Commonwealth of Puerto Rico (thereafter referred to as "Treasury"). The Debtor filed a *Sur-Reply to Puerto Rico Treasury Department's Reply to Debtor's Objection to Claim Number 12* (Docket No. 70). Also before the court is the Debtor's *Motion for Summary Judgment on Objection to Claim #12 filed at Docket entry #39* (Docket No. 125) and Treasury's *Response in Opposition to Debtor's Motion for Summary Judgment on Objection to POC 12 and Memorandum of Law Thereof* (Docket No. 132). The Debtor argues that section 507(a)(8)(C) is not applicable because the tax debts on proof of claim #12 were incurred by Jet Center, Inc., which is a juridical person separate and distinct from the Debtor. Debtor also argues that 13 L.P.R.A. §§33331-33332 do not apply to the Debtor because these sections were enacted in the year 2011, subsequent to Jet Center, Inc.'s tax debts. Moreover, section 6180 of the Puerto Rico Internal Revenue Code of 1994, 13 L.P.R.A. §8180 did not impose personal liability for withholding of taxes on the officers of a corporation. Treasury contends that the Debtor, as President of Jet Center, Inc. was responsible for the tax withholdings of such entity and for the corporate tax obligations pursuant to 11 U.S.C. §507(a)(8)(C) and section 6180 of the Puerto Rico Internal Revenue Code, 13 L.P.R.A. §8180, as amended by section 6080.01 of

the Puerto Rico Internal Revenue Code, 13 L.P.R.A. §33331. Treasury argues that both codes impose personal liability for taxes withheld.

For the reasons stated below, the Debtor's *Motion for Summary Judgment on Objection to Claim #12*'s is denied and Treasury's cross motion for summary judgment is granted in part and denied in part.

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

Procedural Background

The Debtor filed a Chapter 13 bankruptcy petition on September 19, 2013.  In her Statement of Financial Affairs ("SOFA") the Debtor disclosed in line item #18 that she had a business named Jet Center from the years 1999-2010 and the nature of such business was charter sales (Docket No. 4, pg. 48). On February 20, 2014, the Debtor's Chapter 13 plan was confirmed (Docket No. 31). On March 18, 2014, the Treasury filed proof of claim #12-1 in the amount of $62,633.38 of which $42,094.70 was listed as a priority claim under 11 U.S.C. §507(a)(8), and the remaining $20,538.68 was listed as a general unsecured claim. These taxes are owed by Jet Center, Inc.

On May 28, 2014, the Debtor filed her Objection to Treasury's proof of claim #12 arguing that the Debtor is not liable for the tax debts of Jet Center, Inc. and that the same has been inactive since April 16, 2014 (Docket No. 39). On June 2, 2014, the Debtor filed an *Informative Motion* by which she informed that the amendment to the SOFA consisted in changing the date of cancellation of Jet Center, Inc. to April 16, 2014 instead of the year 2010 (Docket No. 41). On June 25, 2014, Treasury filed a motion (Docket No. 48) requesting an extension of thirty (30) days to reply to Debtor's objection to claim #12 and the same was granted on June 26, 2014 (Docket No. 49).

On August 13, 2014, Treasury filed its *Reply to Debtor's Objection to the Department of Treasury's POC No. 12* arguing that pursuant to 11 U.S.C. §507(a)(8)(C) and section 6080.01

-2-

of the Puerto Rico Internal Revenue Code, 13 L.P.R.A. §8180, the Debtor as the owner of Jet Center, Inc. has the contributive obligation to pay all the tax debts of said corporation and is personally liable for the same (Docket No. 63). On August 18, 2014, the Debtor filed a *Motion for Leave to Reply* (Docket No. 66) requesting an extension of thirty (30) days to file its reply to Treasury's motion and the same was granted on August 20, 2014 (Docket No. 67). On September 11, 2014, the Debtor filed an *Informative Motion Amending Statement of Financial Affairs #18* which consisted in clarifying the corporate status of the business identified as Jet Center, Inc. (Docket No. 69). On September 12, 2014, the Debtor filed her *Sur-Reply to Puerto Rico Treasury Department's Reply to Debtor's Objection to Claim Number 12* arguing as follows: (i) Treasury has failed to establish any statutory or case law basis for the Debtor's liability for the debt allegedly incurred by Jet Center, Inc.; (ii) Treasury has not established that the Debtor was the person responsible for collecting and withholding taxes at Jet Center, Inc. from any other person and remitting the same to Treasury; and (iii) the amended Puerto Rico Internal Revenue Code of 2011 added a new section that specifies that corporate stakeholders are responsible for withholding or collecting corporate taxes, but this section is inapplicable in this case because the alleged tax debts are for the years 2000-2010 which fall under the Puerto Rico Internal Revenue Code of 1994  (Docket No. 70).

On September 24, 2014, the court docketed an *Order and Notice Preliminary Pretrial Conference* ordering the Debtor and Treasury to file a joint pre-trial report seven (7) days prior to the hearing date which was scheduled for 01/14/2015 (Docket No. 73).  On January 9, 2015, the Debtor filed a *Motion Requesting Pretrial Hearing be Continued or Converted to Status Conference* (Docket No. 84) and the same was granted on January 14, 2015. The pretrial hearing was continued and rescheduled for May 6, 2015 (Docket No. 85). On February 19, 2015, the Debtor filed an Informative Motion informing the court that she had served Treasury through its legal counsel with a first of interrogatories, request for admissions and request for production of documents (Docket No. 89).  On March 26, 2015, Treasury filed a *Motion Requesting Extension of Time* of thirty (30) days to answer Debtor's first set of interrogatories,

request for admissions and request for production of documents (Docket No. 99). Treasury's motion requesting an extension of time was granted on March 27, 2015 (Docket No. 100). On May 4, 2015, the Debtor filed a *Motion for Continuance of Pretrial Hearing* (Docket No. 105) and the same was granted on said date (Docket No. 106). The pretrial hearing was continued to September 2, 2015.

On September 1, 2015, the Debtor filed a *Motion for Summary Judgment on Objection to Claim #12 filed at Docket Entry #39* by which she maintains that: (i) the Puerto Rico Internal Revenue Code of 1994 is the controlling law in this case, given that the alleged tax claims were incurred during the years 2000 through 2010, prior to the enactment of the Puerto Rico Internal Revenue Code of 2011; (ii) section 6180 of the Puerto Rico Internal Revenue Code of 1994, 31 L.P.R.A. §8180 would be applicable. This section is very similar to section 6080.01 of the Puerto Rico Internal Revenue Code of 2011, 13 L.P.R.A. §33331. However, this section does not include the term personal liability. "What the statute established is that when a person who withholds taxes for another, those taxes are deemed to be in a special trust fund for the Commonwealth of Puerto Rico. The statute does not provide any consequences for failure to collect or withhold taxes for another person. The statute simply establishes that taxes collected for another person belong to a trust fund for the Commonwealth of Puerto Rico, provides for the manner in which the trust fund is assessed, collected, and paid and provides a statute of limitations for its assessment;"(iii) the Puerto Rico Internal Revenue Code of 2011 created a new section (section 6080.02, 13 L.P.R.A. §33332) that imposes personal liability to the officers of a corporation for taxes payable by a corporation; (iv) since the Puerto Rico Internal Revenue Code of 1994 did not impose personal liability on a person that failed to collect or withhold taxes for another, Treasury cannot deem the Debtor liable for those taxes; and (v) section 507(a)(8)(C) is not applicable because the tax debt alleged in proof of claim #12-1 was incurred by Jet Center, Inc., not by the Debtor. The Debtor is not personally liable under state law (Docket No. 125). On the same date, the Debtor filed the *Statement of Uncontested Facts in Support of Debtor's Motion for Summary Judgment* (Docket No. 126). On October 7, 2015,

-4-

Treasury filed its *Reply to Debtor's Statement of Uncontested Facts in Support of Motion for Summary Judgment* (Docket No. 133).  On October 7, 2015, Treasury filed its *Response in Opposition to Debtor's Motion for Summary Judgment on Objection to POC 12 and Memorandum of Law Thereof* by which it contends that the Debtor, as President of Jet Center, Inc. was responsible for the tax withholdings of such entity and for the corporate tax obligations pursuant to 11 U.S.C. §507(a)(8)(C) and section 6180 of the Puerto Rico Internal Revenue Code, 13 L.P.R.A. §8180 as amended by section 6080.01 of the Puerto Rico Internal Revenue Code, 13 L.P.R.A. §33331. Treasury argues that both the 1994 and 2011 codes impose personal liability for taxes withheld. Moreover, the Debtor's omission to submit the taxes withheld to Treasury constitutes an illegal appropriation of public funds (Docket No. 132).

The first issue before the court is whether Treasury's tax claim for taxes which were withheld by Jet Center, Inc. are trust fund taxes pursuant to 11 U.S.C. §507(a)(8)(C). If Treasury's tax claim is for trust fund taxes, the second issue is whether the Debtor as President of Jet Center, Inc. is personally liable pursuant to the Puerto Rico Internal Revenue Code of 1994.

The parties agree as to the following uncontested material facts (Docket Nos. 126 & 133):

### Material Uncontested Facts

1.   The Debtor was the President of Jet Center, Inc., a corporation duly organized under the laws of the Commonwealth of Puerto Rico (Docket No. 126, Exhibit 1).

2.   The Treasury filed proof of claim #12-1 asserting that Debtor was liable for tax debts allegedly incurred by Jet Center, Inc. for the years 2000, 2001, 2002, 2003, 2004, 2005 and 2010.

3.   Proof of claim #12-1 discloses that the alleged tax debts incurred by Jet Center, Inc. for years 2000, 2001, 2002, 2003, 2004, 2005 and 2010 consist of a priority portion in the amount of $42,094.70 and an unsecured portion in the amount of $20,538.68.

4. Pursuant to proof of claim #12-1, the tax debts allegedly incurred by Jet Center, Inc. for the years 2000, 2001, 2002, 2003, 2004, 2005 and 2010 consist of corporate taxes, employer taxes, withholding taxes and insufficient fund checks.

Applicable Law and Analysis

*Standard for Motion for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A

party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

For the reasons explained below, this court denies the Debtor's motion for summary judgment, and grants in part and denies in part Treasury's cross motion for summary judgment.

*Personal Liability for Trust Fund Tax Claims pursuant to 11 U.S.C. §507(a)(8)(C)*

Section 1322(a)(2) provides that a Chapter 13 plan, "shall provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. §1322(a)(2). Section 507(a)(8) provides in pertinent part:

"[t]he following expenses and claims have priority in the following order:

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for---

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity." 11 U.S.C. §507(a)(8)(C).

The type of taxes referred to in 11 U.S.C. §507(a)(8)(C) are "trust fund" taxes and the same are not dischargeable in bankruptcy irrespective of the age of the debt pursuant to 11 U.S.C. §§523(a)(1)(A)[1] and 507(a)(8)(C). See In re Calabrese, 689 F. 3d 312, 314 (3rd Cir.

---

[1] Section 523(a)(1)(A) provides: "a discharge under section 727, 1141, 1228(a), or 1328(b) of this title does not discharge an individual debtor from any debt—
(1)  For a tax or customs duty—

2012). "It should be noted that, in contrast to all of the other portions of section 507(a)(8), there is no time limit applicable to trust fund taxes. A claim for trust fund taxes will be eligible for priority no matter what the age of the claim." See Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶ 507.11[4] (16th ed. 2015). Trust fund taxes generally include income taxes that an employer is required to withhold from the pay of his employees, the employee's portion of Social Security taxes, and sales taxes which were collected by the debtor from a third party. For a claim to be afforded priority under section 507)(a)(8)(C) it must satisfy all of the following five (5) factors: (i) the claim is held by a governmental unit; (ii) it is a tax claim; (iii) the tax is owed by a party other than the debtor; (iv) the tax must be withheld or collected from another party and then transmitted to a governmental unit; and (v) the debtor must be liable for the tax payment in some capacity. Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶ 507.11[4] (16th ed. 2015). Thus, if the tax at issue is actually owed by a taxpayer other than the debtor, and the debtor has the responsibility to withhold and/or collect monies (funds/tax receipts/revenues) and then remit the same to a taxing authority, then it is a trust fund tax and falls under the scope of section 507(a)(8). See Ill. Dep't of Revenue v. Hayslett/Judy Oil, Inc., 426 F. 3d 899, 902 (7th Cir. 2005) ("These taxes are collected from individuals by a third party who then remits the tax to the government. Income tax and social security tax[2] are common examples of 'trust fund taxes.'citing Rosenow v. Ill. Dep't. of Revenue, 715 F. 2d 277, 279 (7th Cir. 1983)").

In the instant case, the Treasury's total claim consists of $62,633.38, of which $42,094.70 is the alleged priority portion pursuant to section 507(a)(8)(C), which consists of the principal

---

(A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed." 11 U.S.C. §523(a)(1)(A).

[2] The Seventh Circuit has also concluded that the Illinois Use Tax, a sales tax, falls under the scope of section 507(a)(8)(C). See Rosenow v. Ill. Dep't. of Revenue, 715 F. 2d 277 (7th Cir. 1983); Ill. Dep't of Revenue v. Hayslett/Judy Oil, Inc., 426 F. 3d 899 (7th Cir. 2005). This may be similar to the sales and use tax of the Commonwealth of Puerto Rico. See 13 L.P.R.A. §§32024-32025.

and interests on withholding taxes and two (2) insufficient fund checks. The remainder portion of the claim is the general unsecured portion which amounts to $20,538.68 and consists of $8,489.29 in corporate taxes owed by Jet Center, Inc. for the year 2000 and $12,049.39 in penalties and surcharges (Claims Register, proof of claim #12-1). The Puerto Rico Internal Revenue Code of 1994 is the code that applies, given that the alleged taxes were incurred prior to the effective date of the Puerto Rico Internal Revenue Code of 2011. See 13 L.P.R.A. §8008 (1994) and 13 L.P.R.A. §30011 (2011).

Treasury's alleged priority tax claim is for two (2) types of taxes; namely: (i) income taxes that an employer is required to deduct and withhold from the pay of his employees pursuant to section 1141 of the Puerto Rico Internal Revenue Code of 1994, 13 L.P.R.A. §8541; and (ii) the 7% withholding at source on payments made to another person for services rendered pursuant to section 1143 of the Puerto Rico Internal Revenue Code of 1994, 13 L.P.R.A. 8543.

Section 1141 of the Puerto Rico Internal Revenue Code of 1994 pertains to income tax withholding at the source in the case of wages. Section 1141(a)(4) defines the term "employer" as: "… the person for whom an individual performs or has performed any service, of whatever nature, as the employee of such person, except that: (A) If the person for whom the individual performs or has performed the services does not have control of the payment of the wages for such services, the term 'employer,' except for purposes of clause (1), means the person having control of the payment of such wages, and (B) in the case of a person paying wages on behalf of a nonresident individual, foreign partnership, or foreign corporation not engaged in trade or business within Puerto Rico, the term 'employer,' except for purposes of clause (1) of this subsection, means such person." 13 L.P.R.A. §8541(a)(4)(A), (B). Moreover, section 1141(b)[3]

---

[3]Section 1141(b) of the Puerto Rico Internal Revenue Code of 1994 provides: "*Requirement to withhold*. Every employer who makes payments of wages shall deduct and withhold a tax on the sum of all wages determined according to the withholding schedules that, in harmony with the tax rates fixed in this Part, shall be approved by the

pertains to the employer's obligation to deduct and withhold a tax on all wages and section 6181[4] and the regulations establish the manner, time, and conditions for the payment or deposit of such withheld taxes.  Section 1141(l) establishes the employer's liability for the tax. Section 1141(l) provides in pertinent part that: "the employer shall be liable to the Secretary for the payment of the tax required to be deducted and withheld under this section and shall not be liable to any person for the amount of any such payment." 13 L.P.R.A. §8541(l).

The other priority tax claim Treasury alleged is based on the 7% withholding at source on payments made to another person for services rendered pursuant to section 1143 of the Puerto Rico Internal Revenue Code of 1994, 13 L.P.R.A. §8543[5]. Section 1143(a) of the Puerto Rico Internal Revenue Code of 1994 provides in pertinent part: [t]he Government of Puerto Rico and every natural or juridical person who, in the exercise of a trade or business activity or for the

Secretary of the Treasury and which shall be part of the regulations of this Part. For purposes of applying said schedules, the term 'amount of the wages' shall mean the amount by which the wages exceed the allowable exemption for withholding allowable under subsection (c)(1)."

[4] Section 6181 of the Puerto Rico Internal Revenue Code of 1994 provides in pertinent part: "[a]ny person who pays salaries and is required to deduct and withhold from any employee any income taxes under sec. 8541, or the regulations promulgated by the Secretary pursuant to the Code, and to remit payment of such taxes to the Government of Puerto Rico, shall deposit the amount of taxes thus deducted and withheld at any of the banking institutions designated as public fund depositories and which have been authorized by the Secretary to receive such taxes. Federal savings and loan associations and federal thrift banks that conduct business in Puerto Rico shall be deemed to be financial institutions for purposes of being designated as public fund depositories under this Code. Taxes shall be paid or deposited as established in the regulations promulgated by the Secretary regarding the manner, time, and conditions that shall govern the payment or deposit of such withheld taxes. When promulgating such regulations, the Secretary shall follow, as pertinent, the criteria established in regulatory provisions on the collection and deposit of income taxes withheld from salaries paid by the federal government and the corresponding deduction for Social Security."13 L.P.R.A. §8181.

[5] Section 1143(a) of the Puerto Rico Internal Revenue Code of 1994 provides in pertinent part: [t]he Government of Puerto Rico and every natural or juridical person who, in the exercise of a trade or business activity or for the generation of income in Puerto Rico, makes payments to another person by reason of services rendered, and every payer who makes payments to a health provider for health services rendered by said provider to any person, shall deduct and withhold seven percent (7%) of said payments. The term "Government of Puerto Rico" includes the Government of the Commonwealth of Puerto Rico, its agencies, instrumentalities, public corporations and political subdivisions. The term "payer" means insurers, nonprofit associations, health insurance cooperatives, health service organizations, and any other person who makes payments in the name of the persons mentioned herein. The term services does not include the contracting of insurance, the lease or sale of tangible real or personal property, printing services, sale of newspapers, magazines, and other publications (including the placement of advertisements) and contracting of radio or television time." 13 L.P.R.A. §8543(a).

-11-

generation of income in Puerto Rico, makes payments to another person by reason of services rendered, and every payer who makes payments to a health provider for health services rendered by said provider to any person, shall deduct and withhold seven percent (7%) of said payments. 13 L.P.R.A. §8543(a). Moreover section 1143(c) provides: "*Liability of the payer*. Unless otherwise provided, any person required to deduct and withhold any taxes under any of the provisions of this section shall be liable to the Secretary for the payment of such taxes and shall not be liable to any other person for the amount of any such payments." 13 L.P.R.A. §8543(c). Section 1143(f) provides that: "[a]ny person who fails to meet his/her responsibility to deduct and withhold the income tax described in subsection (a) of this section shall be subject to the penalties set forth in sec. 8055 of Part II and 8065 of Part II." 13 L.P.R.A. §8543(f).

As to the first issue, based upon the referenced sections of the Puerto Rico Internal Revenue Code of 1994, both of these type of income taxes satisfy the five factors to be considered trust fund taxes pursuant to 11 U.S.C. §507(a)(8)(C). However, the corporate income taxes and the insufficient fund checks (for which Treasury fails to specify the type of tax that was paid with these checks) are not trust fund taxes. The remaining issue is whether the Debtor, as President of Jet Center, Inc., a cancelled[6] corporation (since April 16, 2014), is personally liable for these trust fund taxes which were withheld by Jet Center, Inc. but were not remitted to Treasury.

---

[6] It appears that Jet Center, Inc. was administratively cancelled by the Department of State for failure to comply with its annual obligation to file reports or pay annual dues for certain consecutive years. Section 15.02 of the General Corporations Act of 2009 provides in pertinent part: "[i]f a domestic corporation fails to file the annual report required by law for a term of two (2) consecutive years, the Secretary of State is authorized to revoke the certificate of incorporation, the Secretary of State shall notify the affected corporation of his/her intention to revoke by sending a notice of such intentions by mail to the registered agent of such corporation as it appears in its records." 14 L.P.R.A. §3852.

Part II of the Internal Revenue Code of Puerto Rico of 1994 is titled, "*Administrative Provisions, Procedures, Interests, Penalties, and Additions to Taxes.*" Section 6180, titled, "*Liability for taxes collected*" provides:

> "Anytime any person is required to collect or withhold from any other person any taxes imposed by this Code and to remit said tax to the Commonwealth of Puerto Rico, the amount of the taxes thus collected or withheld shall be deemed to be a special trust fund for the Commonwealth of Puerto Rico. The amount of said fund shall be assessed, collected, and paid in the same manner and be subject to the same provisions and limitations, including penalties, applicable that are applicable with regards to the taxes that gave origin to such fund, except that the provisions of sec. 8025 of this Part regarding the prescriptive term for assessment shall not apply and the Secretary may assess such amount at any time." 13 L.P.R.A. §8180.

The term person in Part II is defined in section 6057 as: "[f]or purposes of this Subtitle, and except when otherwise provided, the term 'person' means and includes any individual, partnership, trust, corporation, association, or any official, agent, or employee of a corporation or a partner, agent, or employee of a partnership or trust on account of which such individual, official, agent, employee, partner or trustee is required to engage in the act which constitutes a violation. Said term also includes any official, agent or employee of a department, agency, instrumentality, public corporation, or municipality of the Government of Puerto Rico." 13 L.P.R.A. §8062.

The court finds that section 6057 of the Puerto Rico Internal Revenue Code of 1994 makes clear that the term "person" as employed in section 6180, includes any individual, officer, or employee of a corporation which is required to collect or withhold, and remit (pay over taxes) to Treasury taxes held in trust and is responsible for payment of these trust fund taxes to the Treasury. The amount of the trust fund taxes will be assessed, collected, and paid in the same manner and subject to the same provisions and limitations that are applicable with regards to the taxes that gave origin to such fund.

Moreover, section 6180 of the Puerto Rico Internal Revenue Code of 1994, 13 L.P.R.A. §8180, in particular, references the applicable provisions that gave origin to the trust fund taxes. The specific provisions regarding the employees' withholding of income taxes and adjudicating responsibility to a person, and not necessarily to a corporation are sections 1141(1) and 6050 of the Puerto Rico Internal Revenue Code of 1994, 13 L.P.R.A. §§8541(1), 8055 and the pertinent Regulations for Section 1141 which were approved on December 22, 2000. Section 1141(l) provides that: "the employer shall be liable to the Secretary for the payment of the tax required to be deducted and withheld under this section and shall not be liable to any person for the amount of any such payment." 13 L.P.R.A. §8541(l). Section 1141(a)(4) defines the term "employer" as: "… the person for whom an individual performs or has performed any service, of whatever nature, as the employee of such person, except that: (A) If the person for whom the individual performs or has performed the services does not have control of the payment of the wages for such services, the term 'employer,' except for purposes of clause (1), means the person having control of the payment of such wages."13 L.P.R.A. §8541(a)(4)(A). Article 1141(1)-1[7] of the

---

[7] Article 1141(l)(1) of the Regulations for Section 1141 establish in the Spanish language the following: "Artículo 1141(l)-1. – Responsabilidad por la contribución.- El patrono está obligado a cobrar la contribución deduciendo y reteniendo el monto de la misma de los salaries del empleado al pagarlos, efectiva o implícitamente. En relación a cuándo los salarios son implícitamente pagados, véase el Artículo 1141-2. Un patrono estará obligado a deducir y retener la contribución a pesar de que los salarios se paguen en bienes o servicios que no sean dinero (por ejemplo, salarios pagados en acciones o bonos; véase el Artículo 1141(a)(1)-1) y pagar la contribución al Secretario en efectivo. Si los salarios se pagan en propiedad que no sea dinero, el patrono hará los arreglos necesarios para asegurarse que el monto de la contribución que se requiere retener esté disponible para depositarse en la institución bancaria correspondiente.

La cantidad de cualquier contribución retenida y cobrada por el patrono constituye un fondo especial en fideicomiso para el Estado Libre Asociado de Puerto Rico. El patrono u otra persona obligada a deducir y retener la contribución bajo la Sección 1141 del Código no responderá a persona otra alguna por el monto de dicha contribución retenida y pagada al Secretario.

La Sección 6050 del Código impone severas penalidades por voluntariamente dejar de pagar, recaudar o dar cuenta de y entregar en pago, la contribución impuesta por la Sección 1141 del Código, o por intentar voluntariamente en alguna forma evadir o derrotar la contribución. La imposición de estas penalidades aplica a cualquier persona, incluyendo el patrono o a cualquier individuo, sociedad, corporación o cualquier oficial, funcionario, agente o empleado de un patrono corporativo o un socio, agente o empleado de una sociedad, o un miembro o empleado de cualquier otro patrono, que como tal patrono, individuo, oficial, agente, funcionario, empleado o socio esté obligado a realizar el acto con el cual ocurra la violación. Dicho término incluye también a cualquier oficial, agente o

Regulations for section 1141 establish that the amounts withheld or collected by the employer constitute a special trust fund for the Commonwealth of Puerto Rico. Said Regulations establish that Section 6050 of the Code imposes severe penalties for any person who willfully attempts in any way to evade or defeat any taxes imposed by section 1141 of the Code. The Regulations specify that the imposition of these penalties apply to any person, including the employer or any individual, partnership, corporation or any officer, official, agent or employee of a corporate employer which has the obligation to engage in the act which constitutes the violations. See Regulations for Section 1141 of Subtitle A.

The particular provisions regarding the 7% withholding at source on payments made to another person for services rendered, which adjudicate responsibility to a person are sections 1143(c), (f) and 6050 of the Puerto Rico Internal Revenue Code of 1994, 13 L.P.R.A. §§8543(c), (f), 8055 and the pertinent Regulations for Sections 1142, 1143 and 1234 of Subtitle A and Section 6127 of Subtitle F which were approved on May 6, 1997. Section 1143(c) provides that: "…any person required to deduct and withhold any taxes under any of the provisions of this section shall be liable to the Secretary for the payment of such taxes and shall not be liable to any other person for the amount of any such payments." 13 L.P.R.A. §8543(c). Article 1143(c)-1[8] of the Regulations provide that every person, natural or juridical which is obligated to deduct and withhold the income tax described under Section 1143 of the Code, will be responsible of the payment of the amounts withheld, whether the same are deducted and withheld at the origin.

---

empleado de un departamento, agencia, instrumentalidad, corporación pública o municipio del Estado Libre Asociado de Puerto Rico." Article 1141(l)-1 of Regulations for Section 1141.

[8] Article 1143(c)-(1) of the Regulations establish in the Spanish language the following: "*Responsabilidad por las cantidades retenidas*. El Gobierno de Puerto Rico y toda persona, natural o jurídica, obligada a efectuar la deducción y retención requerida sobre el monto de los pagos cubiertos bajo la Sección 1143 del Código, será responsable del pago de dicha cantidad a retenerse, sea o no ésta deducida y retenida en el origen y no responderá a persona otra alguna por el monto de dicha cantidad retenida y pagada al Secretario." Article 1143(c)-1 of Regulations for Section 1142, 1143 and 1234 of Subtitle A and Section 6127 of Subtitle F.

Section 1143(f) provides that: "[a]ny person who fails to meet his/her responsibility to deduct and withhold the income tax described in subsection (a) of this section shall be subject to the penalties set forth in sec. 8055 of Part II.

Thus, in the instant case, the Debtor as President[9] of Jet Center, Inc., as an officer of the corporation is personally responsible for these trust fund taxes and may not use the corporate structure as a shield to prevent her from complying with the responsibility that a person that collects or withholds trust fund taxes has to remit the same to Treasury. The Court notes that there are some similarities between sections 6057 and 6180 of the Puerto Rico Internal Revenue Code of 1994 and sections 6672 and 6671 of the Internal Revenue Code, 26 U.S.C. §§6672[10] and 6671[11] which allow the Internal Revenue Service to collect unpaid taxes from corporate officers or from persons responsible for a corporation's finances that fail to remit to the government payment of trust fund taxes. See United States v. Sotelo, 436 U.S. 268, 98 S. Ct. 1795, 56 L. Ed. 2d 275(1978). The court notes that if the Puerto Rico Internal Revenue Code of 2011 were applicable, the analysis would have been simpler because the 2011 Internal Revenue Code amended section 6180, which under the new Code is section 6080.01, 13 L.P.R.A. §33331 to add subsection (b) which is titled, "penalties" for violations of this this section and refers to §33082

---

[9] The court notes that the Commonwealth of Puerto Rico Department of State's electronic registry of corporations and entities disclose that Jet Center, Inc. (registry #102097) filed its last annual report on July 18, 2009 for the year 2008. The 2008 annual report discloses that the Debtor (Rosa A. Montalvo/ Rosanna Montalvo) was the President, Vice-President and Treasurer of said corporation and such appointments were for an indefinite amount of time. Debtor's bankruptcy petition clarifies that Rosa Amelia Morillo Serrano is also known as: Rosa A. Montalvo, Rosa Amelia Morillo de Montalvo, Rosa Morillo Serrano and does business as Jet Center and Plaza Tours Inc.

[10] Section 6672 provides in pertinent part: "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 of part II of subchapter A of chapter 68 for any offense to which this section is applicable." 26 U.S.C. §6672(a).

[11] Section 6671 provides in pertinent part: "(b) *Person defined*. The term 'person', as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." 26 U.S.C. §6671(b).

and §33332. Section 6080.2(a), 13 L.P.R.A. §33332, incorporates the analysis of "person" and references section 6030.19, 13 L.P.R.A. §33089 which is equivalent to section 6057, 13 L.P.R.A. §8062 of the 1994 Code. Section 6080.2(b) also incorporates the penalties imposed by sections 6050 and 6060 of the Puerto Rico Internal Revenue Code of 1994, 13 L.P.R.A. §§8055, 8065.

Section 6080.02 provides:

"(a) Penalty.—Any person liable, as described in subsection (b) of this section, shall be personally subject, in addition to any other penalty established under this Code, to a penalty equal to the full amount of the taxes evaded, not collected, not withheld, not deposited, not reported, or not remitted by the entity or person (as such term is defined in §33089 of this title) so required under such obligation under any part of this Code.

(b) Persons Liable—
(1) Any chief operating officer, president, chief financial officer, chief accounting officer, comptroller, and any official serving in a similar capacity with an entity or person (as such term is defined in §33089 of this title) required to collect, withhold, account for, and remit payment of any taxes or levies established under any part of this Code;

(2) any person whose responsibility, duty, function, or obligation at an entity or person (as such term is defined in §33089 of this title) is to collect, withhold, deposit, account for, or remit payment of any taxes or levies established under any part of this Code, who knowingly does not collect or account for and faithfully remits payment of such taxes in the manner and under the terms established in any part of this Code, and
(3) any person who knowingly attempts in any way to evade or defeat any taxes imposed by any part of this Code or the payment of such taxes,

(c) This section shall be subject to the general application provisions of this Subtitle, including §33089 and 33001 of this title among others." 13 L.P.R.A. §6080.02.

However, the Debtor is not personally liable for the corporate taxes and for the insufficient fund checks which Treasury claims in proof of claim #12-1 as an unsecured general claim, given that the same are not trust fund taxes. The court finds that Treasury failed to specify the type of tax the corporation paid with the insufficient fund checks. Thus, the court concludes

that Treasury's priority claim pursuant to 11 U.S.C. §507(a)(8)(C) is for the amount of $30,856.06.

### Conclusion

In light of the aforestated, this court finds that the income tax withholdings pursuant to Sections 8541, 8543, 13 L.P.R.A. §§1141 & 1143 satisfy the five (5) factors to be considered trust fund taxes pursuant to 11 U.S.C. §507(a)(8)(C) and that the Debtor is personally responsible for payment of the same. However, the court concludes that Treasury's priority claim pursuant to 11 U.S.C. §507(a)(8)(C) is limited to the amount of $30,856.06 and Treasury is not entitled to claim the remainder of its unsecured general claim for corporate taxes and insufficient fund checks. The Debtor's *Motion for Summary Judgment on Objection to Claim #12*'s is denied and Treasury's cross motion for summary judgment is granted in part and denied in part.

SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of February, 2016.

Enrique S. Lamoutte
United States Bankruptcy Judge

-18-